IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SSA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-490C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION
FOR ENLARGEMENT OF TIME

Defendant respectfully requests the Court to enlarge by 26 days, to and including August 17, 2005, the time within which it must file its response to the complaint. Defendant's response is presently due on July 21, 2005, the Court having granted defendant's previous unopposed motion for a 30-day enlargement. This is defendant's second request for an enlargement of time for this purpose. Plaintiff's counsel has informed Government counsel that he "cannot consent" to this motion.

There is a substantial question as to whether the Court possesses jurisdiction to entertain this suit, or whether exclusive jurisdiction rests in the district courts, pursuant to their admiralty jurisdiction. 28 U.S.C. § 1331(1).

> [T]he admiralty jurisdiction of the federal courts "comprehends all maritime contracts * * * (wheresoever they may be made or executed, or whatsoever may be the form of the stipulations,) which relate to the navigation, business or commerce of the sea."[] Consequently, neither the place of the execution of the contract nor the place of performance of a contract determines the existence of federal admiralty jurisdiction . . . .

14A Charles A. Wright, et al., Federal Practice & Procedure § 3675 at 371 (1998 & Supp. 2004) ("Wright & Miller").

This case arises from Operation Iraqi Freedom, the ongoing war in Iraq. This case involves the alleged breach of a contract "'to quickly, effectively and safely complete those tasks essential to assess, improve, maintain, and – if necessary – operate Umm Qasr port in support of humanitarian and reconstruction assistance to the people of Iraq.'" Compl. ¶ 6 (quoting the contract, § C.I.); see also Compl. ¶ 7.[1] Umm Qasr is Iraq's "principal port facility." Compl. ¶ 5. Assessing, improving, maintaining, and operating a country's chief port would appear to "relate to the navigation, business or commerce of the sea."

Government counsel has devoted a substantial amount of time to researching the jurisdictional issue, including consulting Wright & Miller's discussion of admiralty jurisdiction with regard to contract claims (which is more than 40 pages long), and conducting additional legal research, including reading close to 40 cases that address admiralty jurisdiction, an issue that Government counsel has never previously addressed. Notwithstanding this substantial effort, Government counsel has been unable to reach a definite conclusion as to whether this is

[1] "Compl. ¶ __" refers to the complaint.

an admiralty suit over which the Court lacks jurisdiction.

First, in order for a breach of contract case to sound in admiralty, the contract must be "'purely' or 'wholly' maritime in nature." Wright & Miller, § 3675, at 378. This requires a careful and detailed review of the contract to determine whether it can fairly be characterized as meeting this standard. In addition, there are two exceptions to this rule that may apply here – and deprive this Court of jurisdiction to entertain this suit – if the contract is a hybrid maritime/non-maritime contract, and (1) the non-maritime parts are "incidental to the maritime aspects of the arrangement between the parties," or (2) the maritime/non-maritime portions can be separated without prejudicing the parties' rights. See Wright & Miller, § 3675, at 378-79.

In addition, Government counsel needs to consult several admiralty treatises that are cited in the various cases he has read. These treatises are not contained in the library in the building where Government counsel works[2] and, accordingly, he must determine if another Department of Justice library possesses them, and arrange to borrow them.

The Department of Justice takes very seriously this Court's limited jurisdiction, and will likely file a motion to dismiss if

[2] Government counsel is not located in the Main Justice building.

we conclude that this suit sounds in admiralty. On the other hand, the Department takes very seriously its obligations under RCFC 11, and cannot file such a motion precipitously, before we have had an opportunity to fully investigate the law and the facts.

The time requested is necessary, therefore, for Government counsel to complete his analysis of the jurisdictional issue; coordinate his conclusions with the agency and his superiors; prepare either a motion to dismiss, or the answer, as appropriate; and obtain agency and supervisory review.

The additional time requested is also necessary because, during the past month, Government counsel was required to devote substantial amounts of time to other matters pending before this Court and the United States Court of Appeals for the Federal Circuit, including: preparing responses to plaintiff's discovery requests in Liberty Mutual Insurance Co. v. United States, No. 04-254C (Fed. Cl.), which were served on June 30, 2005; preparing a dispositive motion in Lechliter v. United States, No. 04-1729C (Fed. Cl.), which was filed on July 5, 2005; preparing the Government's brief in Dureiko v. United States, No. 05-5023 (Fed. Cir.), which will be due on July 27, 2005, if the court of appeals grants our pending motion for enlargement; preparing to take depositions in FSEC, Inc. v. United States, No. 03-2152C (Fed. Cl.), a complex $7 million Government contract

construction case; negotiating the language of a proposed four-party settlement agreement in Nicon, Inc. v. United States, No. 99-982C (Fed. Cl.); and preparing a dispositive motion in Liberty Mutual, which is due on July 29, 2005.

The additional time requested is also necessary because, during the next month, Government counsel will be required to devote substantial amounts of time to other matters pending before this Court and the United States Court of Appeals for the Federal Circuit, including: preparing the Government's brief in Dureiko, which will be due on July 27, 2005, if the court of appeals grants our pending motion for enlargement; preparing a dispositive motion in Liberty Mutual, which is due on July 29, 2005; preparing a joint status report in Nicon, which is due on August 2, 2005; preparing the Government's reply brief in Lechliter, which is due on August 17, 2005; and preparing a dispositive motion in Metrica, Inc. v. United States, No. 04-636C (Fed. Cl.), which is due on August 31, 2005.[3]

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for an enlargement of time.

[3] Government counsel will be on previously-scheduled annual leave August 19-27, 2005. Accordingly, he will need to largely complete the Government's brief in Metrica before August 19, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Bryant G. Snee

BRYANT G. SNEE
Assistant Director

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969
Attorneys for Defendant

OF COUNSEL:

JOHN ALUMBAUGH
U.S. Agency for International Development

July 14, 2005

NOTICE OF FILING

I hereby certify that on July 14, 2005, a copy of the foregoing "DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus