IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SSA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-490C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

JURISDICTION & PARTIES[1]

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. The allegations contained in the first sentence of paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact,

[1] The complaint includes various headings. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

they are denied. Admits the allegation contained in the second sentence of paragraph 4 that plaintiff submitted a claim to the contracting officer on July 26, 2004; admits the remainder of the allegations contained in the second sentence of paragraph 4 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4.

FACTUAL BACKGROUND

5. Denies the allegation contained in the first sentence of paragraph 5 that the United States-led, coalition force conducted an "invasion" of Iraq; admits the remainder of the allegations contained in the first sentence of paragraph 5. Admits the allegation contained in the second sentence of paragraph 5 that plaintiff submitted a proposal on February 24, 2003; denies the remainder of the allegations contained in the second sentence of paragraph 5.

6. Denies the allegation contained in the first sentence of paragraph 6 that the United States and its coalition partners conducted an "invasion" of Iraq; admits the remainder of the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law to which no answer is required; to

the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third and fourth sentences of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract CLINs cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegation contained in the first sentence of paragraph 9 that the condition of the port and estimated cargo volumes were unknown at the time the contract was negotiated and awarded; denies the remainder of the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the second sentence of paragraph 9.

10. Admits the allegation contained in the first sentence of paragraph 19 that the scope of CLIN 003 activities could not be predicted with any certainty at the time the contract was formed; denies the allegation contained in the first sentence of

paragraph 10 that this fact caused CLIN 003 to contain a separate funding mechanism; admits the remainder of the allegations contained in the first sentences of paragraph 10 to the extent supported by the CLIN cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 10. Admits the allegations contained in the second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth sentences of paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third, fourth, fifth sixth, seventh, eighth, ninth, and tenth sentences of paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11. Admits the allegation contained in the second sentence of paragraph 11 that on May 21, 2003, USAID authorized plaintiff to proceed under CLIN 003; admits the remainder of the allegations contained in the second sentence of paragraph 11 to the extent supported by the CLIN cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 11. Admits the allegations contained in the third sentence of paragraph 11 that on or around May 23, 2003, control of the port was transferred to SSA from the British military (17th Port and Maritime Regiment); denies the remainder of the allegations

contained in the third sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Denies.

13. Admits the allegation contained in the first sentence of paragraph 13 that, on or about June 17, 2003, USAID communicated to SSA that it should open the port to commercial cargo, denies the allegation that USAID “ordered” SSA to open the port to commercial cargo; admits the allegation contained in the first sentence of paragraph 13, that the contract originally anticipated that the port would be opened to humanitarian aid cargo, to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies this allegation. Admits the allegation contained in the second sentence of paragraph 13 that SSA recommended adding additional personnel to handle commercial cargo; denies the remainder of the allegations contained in the second sentence of paragraph 13. Denies the allegations contained in the third sentence of paragraph 13.

14. Admits the allegations contained in the first and second sentences of paragraph 14. Denies the allegations contained in the third sentence of paragraph 14.

15. Admit the allegation contained in the first sentence of paragraph 15 that SSA developed and proposed a tariff; admits the

allegation contained in the first sentence of paragraph 15 that SSA's development and proposal of a tariff was in accordance with the terms of Section C.III.3 of the contract to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies these allegations; denies the remainder of the allegations contained in the first sentence of paragraph 15. Admits the allegations contained in the second sentence of paragraph 15 that the port generated revenue and funds were collected by SSA; denies the remainder of the allegations contained in the second sentence of paragraph 15. Admits the allegation contained in the third sentence of paragraph 15 that SSA proposed a level of profit; admits the allegation contained in the third sentence of paragraph 15 that the profit proposed by SSA was in accordance with the terms of Section C.III.3 of the contract to the extent supported by the contract cited, which is the best evidence of its contents, otherwise, denies this allegation; denies the remainder of the allegations contained in the third sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the fourth sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the fifth sentence of paragraph 15 to the extent supported by

the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the fifth sentence of paragraph 15. Denies the allegations contained in the sixth sentence of paragraph 15.

16. Admits the allegation contained in the first sentence of paragraph 16 that USAID consistently refused to approve any level of profit to be earned by SSA from port revenue; denies the remainder of the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16. Denies the allegations contained in the third sentence of paragraph 16.

17. Denies the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17 that SSA provided unanticipated funding, that this constituted an additional burden, and that this was outside the scope of the contract; admits the allegation that USAID has not recognized or acknowledged this (non-existent) burden.

18. Admits the allegation contained in the first sentence of paragraph 18 that USAID modified the contract; denies the remainder of the allegations contained in the first sentence of paragraph 18. Admits the allegation contained in the second sentence of paragraph 18 that USAID refused to include any profit figure or additional fixed fee in the modification; denies the

remainder of the allegations contained in the second sentence of paragraph 18. Denies the allegations contained in the third and fourth sentences of paragraph 18.

19. Denies the allegations contained in the first sentence of paragraph 19. Admits the allegation contained in the second sentence of paragraph 19 that SSA had eleven employees of its own on the ground; denies the remainder of the allegations contained in the second sentence of paragraph 19. Admits the allegation contained in the third sentence that the port was neglected and in serious disrepair; denies the remainder of the allegations contained in the third sentence of paragraph 19; avers that SSA never "took control" of the port, its role was more limited. Admits the allegation contained in the fourth sentence of paragraph 19 that Um Qasr was a functioning commercial seaport at the time control was transferred to the Iraqi government; denies the remainder of the allegations contained in the fourth sentence of paragraph 19; avers that the Coalition Provisional Authority, rather than SSA, transferred control of the port to the Iraqi government.

20. Admits the allegation contained in the first sentence of paragraph 20 that the total cost of the contract exceeded $14 million; denies the remainder of the allegations contained in the first sentence of paragraph 20. Admits the allegations contained in the second sentence of paragraph 20.

COUNT I - BREACH OF CONTRACT

21. Defendant's responses to paragraphs 1 through 20 of the complaint are incorporated by reference.

22. Denies.

23. Admits the allegation contained in the first sentence of paragraph 23 that SSA proposed a level of profit based on a fixed fee of 2.20 per metric ton; denies the remainder of the allegations in the first sentence of paragraph 23. Denies the allegations contained in the second sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the third sentence of paragraph 23; avers that USAID did not address the reasonableness of the calculation because it concluded that SSA had failed to establish entitlement to any compensation. Denies the allegations contained in the fourth sentence of paragraph 23. Admits the allegation contained in the fifth sentence of paragraph 23 that SSA has not been paid the $4,400,004.40; denies the remainder of the allegations contained in the fifth sentence of paragraph 23.

COUNT II - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

24. Defendant's responses to paragraphs 1 through 23 of the complaint are incorporated by reference.

25. Denies.

26. Denies.

REQUEST FOR RELIEF

27. Denies that plaintiff is entitled to the relief set forth in the request for relief contained in paragraph 27, or to any relief whatsoever.

28. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director

s/ Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969
Attorneys for Defendant

OF COUNSEL:

JOHN ALUMBAUGH
U.S. Agency for International Development

August 17, 2005

NOTICE OF FILING

I hereby certify that on August 17, 2005, a copy of the foregoing "DEFENDANT’S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus