**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **SSA MARINE, INC.,**<br>**Plaintiff,**<br>**- v. -**<br>**THE UNITED STATES,**<br>**Defendant.** | **No. 05-490C**<br>**(Chief Judge Damich)** |

**PROTECTIVE ORDER**

The court has determined that certain information that may necessarily be disclosed orally or in writing during this action may be proprietary, confidential, business sensitive, or otherwise protectable. Accordingly, upon stipulation of the parties through their respective attorneys, and to expedite the exchange of discovery information,

IT IS HEREBY ORDERED THAT:

1. Except as otherwise ordered by the Court, this Protective Order shall apply to all documents, answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, deposition transcripts or other writings produced, given or filed in this action, and all information derived from any of the foregoing, that are designated as “Confidential Information” in accordance with the terms of this Order.

2. A party may designate as “Confidential Information” any information that is not publicly known, including information provided by third parties to the producing party with the expectation that the information remain confidential. Confidential Information subject to this Order shall be used solely for purposes of this

litigation in accordance with provisions of this Order. Except with the prior written consent of the producing party, or with prior order of the Court, Confidential Information and any information derived therefrom may only be disclosed to:

(a) counsel for the parties and their legal, paralegal and clerical staff;

(b) responsible officers, directors and personnel of each of the parties to this action, who will use any Confidential Information disclosed solely to assist in the prosecution or defense of this action;

(c) consultants or experts retained for purposes of this action and who will use any Confidential Information disclosed solely to assist in the prosecution or defense of this action; and

(d) the court.

3. Information shall be designated by the producing party as Confidential Information in the following manner:

(a) in the case of information contained in a document, answer to interrogatory, answer to request for admission, response to request for production of documents or other writing, by stamping or otherwise marking, in such a manner as not to interfere with the legibility of the documents, the word "Confidential" on the face thereof at the time of production or copying;

(b) in the case of information contained or revealed in a deposition, whether in a question, answer or exhibit, by noting the designation on the record at the time of the deposition, or within ten business days after receipt of the deposition transcript. The transcript pages and any associated documents containing Confidential

Information shall be bound separately and shall contain on each page, including the cover page, an appropriate notation identifying it as "Confidential";

(c) in the case of information contained or referenced in legal documents filed with the Court, including, but not limited to, motions and legal memoranda in support, the parties shall seek to reach agreement regarding the release of information, failing such an agreement by stamping or otherwise marking, in such a manner as not to interfere with the legibility of the documents, the words "Confidential" on every page containing or referencing the Confidential Information. Such documents shall be filed with the Court under seal.

A party that files a pleading in accordance with this paragraph shall promptly serve on each other a party a proposed redacted copy of the pleading with the claimed protected information deleted and clearly marked “Proposed Redacted Copy” in the upper right-hand corner of the first page. Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked “Agreed-Upon Redacted Copy – May be Made Public” in the upper right-hand corner of the page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the

agreed-upon redacted copy shall be filed with the court by the originating party; and

(d) in the case of information exchanged prior to the entry of this Order, by procedures adopted by counsel for the parties, which procedures shall be consistent with those specified in subparts (a) – (c) of this paragraph 3.

4. It is the responsibility of all persons receiving materials containing Confidential Information to maintain such materials in a secure and appropriately identified manner.

5. It is the responsibility of counsel for each party to this action to ensure that those receiving Confidential Information pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Prior to any such disclosure, recipients (other than counsel for the parties and their staffs) must read and agree in writing to abide by the terms of this Order in the form of Exhibit A hereto. A copy of each recipient's written acknowledgment shall be kept by the party divulging the Confidential Information.

6. Persons other than parties who are not otherwise eligible to receive Confidential Information under this Order may be examined as witnesses at depositions and trial and may testify concerning Confidential Information. Any Confidential Information disclosed during such testimony shall be treated as herein provided even if the person testifying is not bound by this Order.

7. The designation as Confidential Information by the producing party shall not waive or affect in any way the right of the receiving party to contest the

designation of confidentiality. The designation of confidentiality may be contested as follows:

(a) Counsel for the parties shall confer in a good faith effort to resolve any differences.

(b) Failing agreement of the parties, the party objecting to the designation of information as Confidential Information may file an appropriate motion with the Court and shall (1) certify that he has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement; and (2) identify by specific category or document number the information for which relief is sought.

(c) Within ten business days of receiving such a motion, the opposing party shall respond to the motion by showing with particularity with respect to each challenged item of Confidential Information, the reasons why such information has been designated properly as Confidential Information.

(d) The burden of establishing that information is Confidential Information shall be on the party designating the information as Confidential.

(e) If a response is timely made as provided in subparagraph (c) above, until the motion is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

8. If Confidential Information in the possession of the receiving party is subpoenaed by any court, administrative or legislative body, or any other person

purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall given written notice of the subpoena (including the delivery of a copy thereof) to counsel for the party that produced the information or documents promptly after the receipt of the subpoena. In the event that the subpoena purports to require production of such Confidential Information on less than 7 days notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and forthwith hand deliver a copy thereof, to the attorney for the producing party.

9. Within thirty days after the conclusion of this case, including any appellate proceedings, all Confidential Information (including copies and documents containing information derived therefrom) shall be destroyed or returned to the producing party, at the election of the receiving party, provided that documents previously filed with the court containing such information may either be destroyed or retained by counsel and preserved as confidential in accordance with the terms of this Order.

10. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings, in this case.

**SO ORDERED,**

____________________________________
Chief Judge Damich

Dated: ______________

**EXHIBIT A**

**AGREEMENT TO ABIDE BY THE TERMS OF PROTECTIVE ORDER**

I acknowledge that I have read the foregoing Protective Order and understand its contents, and I hereby agree to abide by its terms and conditions.

______________________________

NAME:

DATE

| | |
|---|---|
| Document 1 | file://L:/CLIENTS/14019/Iraq Claim/COFC/Protective Order.doc |
| Document 2 | file://L:/CLIENTS/14019/Iraq Claim/COFC/Protective Order2.doc |
| Rendering set | Standard |

| **Legend:** |
|---|
| Insertion |
| ~~Deletion~~ |

| | |
|---|---|
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| **Statistics:** | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 14 |