IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SSA MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-490C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION
FOR ENLARGEMENT OF TIME

Defendant respectfully requests the Court enlarge by four days, to and including April 14, 2006, the date by which the audit must be completed. The audit is presently due to be completed on April 10, 2006, the Court having granted defendant’s previous unopposed motion for a 41-day enlargement. This is defendant's second request for an enlargement of time for this purpose. Plaintiff’s counsel has informed Government counsel that he opposes this motion and will file an opposition.

The Defense Contract Audit Agency (“DCAA”) informed Government counsel today that it had just concluded that it would not be able to complete the audit by the April 10, 2006 deadline.[1] The draft of the audit report has been completed, and

[1] As a result, Government counsel was not able to file this motion at least five business days in advance, as stated in the Court’s Special Procedures Order. Government counsel previously informed DCAA that it should ensure that it would complete its audit by the April 10, 2006 deadline, and reinforced this guidance through an electronic mail message sent on April 3, 2006, which reminded DCAA of the April 10, 2006 deadline. Nonetheless, DCAA has concluded that it will be unable to complete the audit by April 10, 2006.

it has been reviewed by the supervisor assigned to this audit. The audit report still needs to be reviewed and approved by the branch manager and, because this audit involves a contract was performed in Iraq, the report must also be reviewed by the regional director and regional audit director. Thus, the additional time requested is necessary in order for DCAA to complete its review process and issue the audit report.

Furthermore, the short enlargement requested here will not affect the remainder of the schedule in this case. Discovery is not scheduled to close until August 11, 2006, and the enlargement requested here should not affect the parties’ ability to complete discovery by that date. Plaintiff is scheduled to take its first three depositions on April 20, 2006, May 23, 2006, and May 25, 2006. The audit addresses the preparation of, and support for, plaintiff’s claim, and none of the witnesses plaintiff has scheduled for depositions possess any knowledge with regard to the subject matter of the audit. As a result, if the Court grants this motion for enlargement, that will not affect plaintiff’s ability to take the three depositions it has scheduled.

Plaintiff may assert that, if this enlargement is granted, its expert will require additional time to complete his report, which is presently due on April 28, 2006. The Government will not object to a four-day enlargement of the due date for

plaintiff's expert's report, should that prove necessary.

Based upon a conversation with plaintiff's counsel, it appears that he will argue that the Court should deny this motion for enlargement because the Court has already granted a 41-day enlargement with regard to the audit. Ironically, the previous 41-day enlargement the Government requested with regard to the audit was necessitated solely by plaintiff's inability to promptly and fully respond to DCAA's requests for information. As pointed out in the Government's previous motion for enlargement with regard to the audit, DCAA first contacted plaintiff to initiate the audit on December 20, 2005, and delivered to plaintiff detailed requests for specific information on January 10, 2006.

Because of the February 28, 2006 deadline for completion of the audit report – which plaintiff had insisted upon – DCAA requested that plaintiff provide the requested information by January 12, 2006.[2] DCAA selected this deadline so that, after it received the requested information from plaintiff, it would be able to complete its field work by January 31, 2006. This would have enabled DCAA to complete the audit and issue its audit

[2] The Government freely admits that this was a short period of time to respond to DCAA's detailed requests for information. Nonetheless, since plaintiff insisted upon the February 28, 2006, deadline for completion of the audit, it would not seem unreasonable to expect plaintiff to do whatever was necessary for the Government to meet the difficult schedule upon which plaintiff was insisting.

report by the February 28, 2006 deadline.

Plaintiff was unable to meet DCAA's requested January 12, 2006 deadline, however, because the individual responsible for providing this information was out on travel January 12-31, 2006. Upon his return, the requested information was provided to DCAA. However, DCAA did not receive the final batch of the information it had requested until February 8, 2006. In addition, plaintiff was unable to provide some of the most significant information requested in electronic form, and produced this information in hard copy. Using the hard copy records plaintiff provided required additional time and effort by DCAA to complete the audit. As a result of these actions by plaintiff, completion of the audit was delayed by 41 days. Any argument that the Government has requested excessive enlargements with regard to the audit is without merit.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Bryant G. Snee

BRYANT G. SNEE
Assistant Director

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969
Attorneys for Defendant

OF COUNSEL:

JOHN B. ALUMBAUGH
PETER E. YOUNG
U.S. Agency for International Development

April 7, 2006

NOTICE OF FILING

I hereby certify that on April 7, 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus