IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SSA MARINE, INC., | ) | |
| Plaintiff, | ) | No. 05-490C |
| v. | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

The parties respectfully submit this joint status report pursuant to the Court’s December 21, 2005 order.

Discovery

Fact and expert discovery has been completed.

Settlement Discussions

The parties intend to engage in settlement discussions on or about September 6, 2006. If the parties believe that substantial progress towards settlement is being made they will promptly notify the Court.

Proposed Motions Schedule

Plaintiff intends to file a motion *in limine* to exclude the testimony and report of Charles L. Wilkins, whom the United States has designated as an expert witness on damages. That motion will be filed on August 28, 2006. The United States will oppose.

In addition, the parties intend to file cross-motions for summary judgment. As explained below, the parties do not agree

on the appropriate schedule for the motions. As such, each party has set forth its separate position below.

Plaintiff's Position

Plaintiff believes that it is appropriate to resolve the motion *in limine* to exclude the government's expert testimony before summary judgment motions are filed, because resolution of the motion to exclude could determine whether or not there are material facts in dispute on the issue of damages. If the testimony of Mr. Wilkins is excluded, it is possible that the United States will not have any evidence not already in existence to submit on damages, and the case may well therefore be in a posture for summary judgment on that issue. Therefore, deciding plaintiff's motion *in limine* first will help to focus the issues on summary judgment and may encourage settlement discussions.

Because motions *in limine* can help to narrow the universe of evidence, they are routinely considered prior to summary judgment. *See, e.g., Marmo v. Tyson Fresh Meats, Inc.,* __ F.3d ___, 2006 WL 2165734 at *2 (8th Cir. 2006); *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 902-03 (6th Cir. 2006); *Norman v. United States*, 63 Fed. Cl. 231, 242-43 (2004); *In re Flat Glass Antitrust Litigation*, 385 F.3d 350, 355-56 (3d Cir. 2004); *Rider v. Sandoz Pharmaceuticals Corp.*, 295 F.3d 1194, 1195

(11th Cir. 2002); *Stolting v. Jolly Roger Amusement Park, Inc.*, 37 Fed. Appx. 80, 82 (4th Cir. 2002); *Free v. Bondo-Mar-Hyde Corp.*, 25 Fed. Appx. 170, 171-72 (4th Cir. 2002). Moreover, there is little burden on the parties in addressing the motion *in limine* now. The burden is especially small here. Early in the case, plaintiff's counsel made clear during a conference with the Court that plaintiff would move to exclude the testimony of any proffered government expert who offered testimony regarding interpretation of the FAR or other legal issues. In light of that early notification, government counsel presumably conducted the requisite research and analysis regarding admissibility before serving its expert report. Presenting that analysis by way of an opposition to plaintiff's motion *in limine* should not be a significant task. In any event, the motion *in limine* will need to be decided at the latest by the time that summary judgment motions are decided, so there can only be a gain in efficiency, not a loss, in deciding the motion *in limine* now.

Because deciding the motion *in limine* first may increase the chances for resolving the case on summary judgment, plaintiff proposes that its motion for summary judgment be due within 30 days after the Court issues a ruling on the motion *in limine.* Cross-motions, responses, and replies would then follow in

accordance with the Court's rules. Although plaintiff believes that this would be the most efficient way to proceed, plaintiff does not wish to unduly delay the case. Therefore, although plaintiff prefers the schedule described above, if the Court's schedule is such that it will not be in a position to rule on the motion *in limine* promptly, plaintiff would in that case prefer to set a date certain for filing summary judgment motions, and have all motions resolved together.

Government's Position

It is the Government's position that plaintiff's motion in limine is premature, as such motions are typically filed shortly before trial. Indeed, such motions are typically filed after the parties have exhausted other means for resolving the litigation, such as settlement or dispositive motions.[1] The parties plan to pursue both these options, and there will be no need for the Court to address plaintiff's motion in limine if either approach resolves this litigation.[2] Accordingly, it is the Government's

1 The Government plans to file a motion in limine with regard to plaintiff's expert's testimony and report at the appropriate time, that is, as part of trial preparation, consistent with the pre-trial scheduling order the Government expects the Court will issue – assuming that plaintiff lists its expert as a witness for trial, and includes his report on its exhibit list.

2 Moreover, even if the Court's resolution of the parties' cross-motions for summary judgment does not completely resolve

position that the Court should defer further consideration of plaintiff's motion in limine until the other means for resolving this litigation (settlement and cross-motions for summary judgment) have been exhausted. Deferring further consideration of plaintiff's motion in limine has the potential to conserve substantial judicial resources and the parties' resources.

Deferring resolution of plaintiff's motion in limine will also likely expedite resolution of this litigation. This is so, because resolution of plaintiff's motion in limine could not resolve this litigation, whereas resolving the parties' cross-motions for summary judgment may well resolve this suit. It is also unlikely that resolution of plaintiff's motion in limine might facilitate settlement, as many of the issues in this case are legal issues and not properly the subject of expert testimony. Indeed, the issues the Government intends to raise in its cross-motion for summary judgment are legal issues, and the Government will not be relying upon its expert witness with regard to the Government's cross-motion for summary judgment.

---

this suit, the Court's decision may resolve part of this litigation and/or may provide the parties with insight into the Court's position with regard to the issues in the case. This may facilitate settlement of this litigation, without the Court having to resolve plaintiff's motion in limine.

Thus, even if the Court were to grant plaintiff's motion in limine, that would not resolve this litigation. The Court would still need to resolve the parties' cross-motions for summary judgment. Of course, if the Court denies plaintiff's motion in limine, the resources spent – and time expended – litigating that motion will have been wasted.

Plaintiff asserts that resolving its motion in limine before the summary judgment motions are filed "could determine whether or not there are material facts in dispute on the issue of damages. If the testimony of Mr. Wilkins is excluded, it is possible that the United States will not have any evidence not already in existence to submit on damages, and the case may well be in a posture for summary judgment on that issue." JSR at 2.[3] We are not certain what SSA means by this. In any event, as stated above, the Government will not rely upon Mr. Wilkins to support the Government's cross-motion for summary judgment. Furthermore, it is highly unlikely the Government will rely upon its expert to support its opposition to plaintiff's motion for summary judgment.

---

3 "JSR at __" refers to this joint status report.

While discussing the contents of this joint status report, plaintiff's counsel asked Government counsel if he could state unequivocally that he would not rely upon the Government's expert to support its opposition to plaintiff's motion for summary judgment. Having not seen plaintiff's motion for summary judgment, Government counsel was not able to make that sort of unequivocal commitment. However, Government counsel has a good understanding of the basis for plaintiff's claim, knows what arguments the Government will make in response to the arguments he expects plaintiff to advance in its motion for summary judgment, and will not rely upon the Government's expert to support any of those arguments. Of course, if plaintiff surprises the Government with a new argument, that position may change. But that seems rather unlikely, and could be addressed as part of – and concurrent with – the summary judgment briefing. The summary judgment briefing should not be delayed to accommodate plaintiff's motion in limine and the remote chance that it might facilitate resolution of the parties cross-motions for summary judgment.[4]

---

[4] Plaintiff also asserts that resolving its motion in limine first "may encourage settlement discussions." JSR at 2. In light of the fact that the Government will not rely upon its expert to support its cross-motion for summary judgment, and that

Furthermore, plaintiff notes that its counsel "made clear during a conference with the Court that plaintiff would move to exclude the testimony of any proferred government expert who offered testimony regarding i45nterpretation of the FAR or other legal issues." JSR at 3. Thus, it appears that plaintiff is assuming that the Government will attempt to have its expert testify with regard to "interpretation of the FAR or other legal issues." Plaintiff is mistaken. The Government will <u>not</u> offer its expert's testimony or report with regard to such legal issues. Furthermore, if the Government were to do so, that could be easily and efficiently addressed in the summary judgment briefs, as it is well-established that expert testimony with regard to the law is not appropriate. <u>E.g.</u>, <u>Rumsfeld v. United Technologies Corp.</u>, 315 F.3d 1361, 1369 (Fed. Cir. 2003). Thus, there is no need for separate briefing and resolution of plaintiff's motion <u>in</u> <u>limine</u>, which will necessarily delay

---

it is highly unlikely the Government will rely upon its expert to support its opposition to plaintiff's motion for summary judgment, there is effectively no chance that resolution of plaintiff's motion <u>in</u> <u>limine</u> will promote settlement. The Government has ample arguments to make upon the merits of this suit that are completely independent of, and do not rely upon, its expert. The Government looks forward to presenting these arguments to the Court pursuant to the parties cross-motions for summary judgment, and intends to do so, no matter how the Court rules upon plaintiff's motion <u>in</u> <u>limine</u>.

resolution of this litigation, and require time and significant resources from the Court and the parties – notwithstanding plaintiff's assertion that resolving its motion _in limine_ would place "little burden on the parties." JSR at 3. Moreover, plaintiff ignores the burden that resolving its motion _in limine_ would impose upon the Court.

Finally, plaintiff suggests, as an alternative, that the Court establish a schedule for briefing cross-motions for summary judgment "and have all motions resolved together." JSR at 4. Based on this suggestion, Government counsel contacted plaintiff's counsel and suggested an alternative approach for resolving these motions. Government counsel suggested that plaintiff file its motion for summary judgment and motion _in limine_ at the same time, and the Court resolve both motions concurrently. Under this approach, the Government would be able to determine, once it received plaintiff's motion for summary judgment, whether it would rely upon its expert to support its cross-motion for summary judgment or its response to plaintiff's motion for summary judgment. If, as Government counsel expects, he decides that the Government will not rely upon its expert, then plaintiff's motion _in limine_ would be rendered moot. Unfortunately, plaintiff's counsel rejected this proposal.

Thus, if the Court does not defer resolution of plaintiff's motion in limine until after the cross-motions for summary judgment are resolved, the Court should adopt the Government's alternative approach, establish a schedule for briefing cross-motions for summary judgment, and resolve plaintiff's motion in limine concurrently with the cross-motions for summary judgment.

Further Proceedings

Finally, if the Court's resolution of the cross-motions for summary judgment does not fully resolve this litigation, the parties propose that they confer as to whether a further attempt at settlement is then warranted, and file a joint status report that informs the Court of their conclusion and proposes a schedule for further proceedings, not later than 30 days after the Court decides the parties' cross-motions for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee

By Steven J. Gillingham

BRYANT G. SNEE
Assistant Director

s/ John Butler

JOHN BUTLER
SHER & BLACKWELL
1850 M Street, N.W., Ste. 900
Washington, DC 20036
Tele: (202) 463-2510
Fax: (202) 463-4950

Attorneys for Plaintiff

s/ Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

DATED: August 25, 2006

OF COUNSEL:

HEATHER M. SPRING
Sher & Blackwell

DATED: August 25, 2006

OF COUNSEL:

JOHN B. ALUMBAUGH
PETER E. YOUNG
U.S. Agency for International Development

NOTICE OF FILING

I hereby certify that on August 25, 2006, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Thomas D. Dinackus