IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SSA MARINE, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-490C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to RCFC 56, defendant respectfully requests the Court to grant summary judgment in favor of defendant with regard to whether the contract at issue here was a cost-plus-fixed-fee contract that was subject to a ten percent limit with regard to the fee or profit paid the contractor. There are no issues of material fact in dispute with regard to this issue, and defendant is entitled to judgment as a matter of law. In support of this motion, we rely upon the pleadings, the following brief with appendix, and defendant's separately-filed proposed findings of uncontroverted fact.

DEFENDANT'S BRIEF

STATEMENT OF QUESTIONS INVOLVED

1. Whether the contract was a cost-plus-fixed fee contract.

2. Whether any fee and/or profit received by SSA Marine, Inc. (“SSA”) is limited to ten percent of the estimated cost of performance.

## STATEMENT OF THE CASE

### Nature of the Case

SSA entered into a cost-plus-fixed-fee contract with the United States Agency for International Development ("USAID") to perform certain services with regard to the port of Umm Qasr in Iraq, in the wake of the United States' intervention in Iraq in 2003. SSA completed the contract and has been paid all of the allowable costs to which it is entitled. SSA has also been paid the fixed fee, but contends that it is entitled to additional profit.

### Statement of Facts

For our statement of facts, we rely upon our proposed findings of uncontroverted fact, filed under separate cover.

## SUMMARY OF THE ARGUMENT

The contract was a cost-plus-fixed-fee contract. By statute, the fee on such a contract is limited to ten percent. SSA has been paid a substantial amount of fee, but the fee paid is less than the ten percent limit. Accordingly, any additional fee or profit to which SSA might be entitled is subject to the ten percent limit.

## ARGUMENT

### I. Statutory And Regulatory Background

Federal Government contracts fall into two basic categories: fixed price and cost reimbursement. 48 C.F.R. § 16.101(b). Under a firm fixed price contract, the contractor is paid the

agreed-to price, without regard to its costs. Accordingly, depending on how successful the contractor is controlling its costs, it can make a substantial profit, suffer a substantial loss, or experience a result somewhere in between.[1] Because fixed price contracts place responsibility upon the contractor for controlling costs, the Government prefers using fixed price contracts. See 48 C.F.R. §§ 16.101(b), 16.103(b), 16.104, 16.202-1, 16.301-2.

By contrast, in a cost reimbursement contract the Government reimburses the contractor's allowable costs.[2] As a result, the contractor has little incentive to contain costs. For this reason, cost reimbursement contracts are disfavored and can only be used when the circumstances justify placing the cost risk upon the Government. See 48 C.F.R. §§ 16.101(b), 16.301-2, 16.301-3, 16.306(a).

"The most significant feature of the cost-type contract is that the contractor assumes no risk for nonperformance." Cibinic & Nash, Cost-Reimbursement Contracting, at 17. As a result, cost

---

[1] Other fixed price contracts, such as fixed price incentive contracts, use this same basic approach but provide for limited Government reimbursement of the contractor's costs. See 48 C.F.R. §§ 16.401, 16.402-1.

[2] In order for a cost to be "allowable," it must pass certain tests contained in the Federal Acquisition Regulation ("FAR"). For example, it must be reasonable and allocable, and must satisfy the specific cost principles contained in FAR section 31.205. See 48 C.F.R. §§ 31.201-2(a), 31.205. See generally John Cibinic, Jr. & Ralph C. Nash, Jr., Cost-Reimbursement Contracting 19, 609, 613, 625 (2d ed. 1993).

reimbursement contracts include a standard Limitation of Cost clause that requires the contractor to give notice of impending cost overruns. John Cibinic, Jr. & Ralph C. Nash, Jr., Formation of Government Contracts 1105 (3d ed. 1998).

Cost reimbursement contracts fall into several types. See 48 C.F.R. Subpart 16.3. One such type is the cost-plus-fixed-fee contract. See 48 C.F.R. § 16.306. In a cost-plus-fixed-fee contract, the parties agree on a fixed fee prior to contract performance. Cibinic & Nash, Formation of Government Contracts, at 1106-07. Moreover, the fee on a cost-plus-fixed-fee contract cannot exceed ten percent of the estimated cost of performance (not including the fee). 41 U.S.C. § 254(b); 10 U.S.C. § 2306(d). This limit is statutory and, accordingly, cannot be waived by a contracting officer. Cibinic & Nash, Formation of Government Contracts, at 73.

Cost-plus-fixed-fee contracts fall into two basic types: “completion” and “term.” 48 C.F.R. § 16.306(d). A cost-plus-fixed-fee *completion* contract states a goal to be achieved, such as completing a report, and the contractor must achieve the goal in order to earn the entire fixed fee. Id. § 16.306(d)(1). By contrast, a cost-plus-fixed-fee *term* contract merely obligates the contractor to provide a specified level of effort for a specified period of time. Id. § 16.306(d)(2).

## II. The United States Is Entitled To Partial Summary Judgment

### A. Partial Summary Judgment Is Appropriate Here

Summary disposition is appropriate where there are no genuine disputes as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987); RCFC 56(c). It is "a salutary method of disposition 'designed "to secure the just, speedy and inexpensive determination of every action."'" Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). As the court of appeals emphasized in Sweats Fashions: "[T]he burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact." 833 F.2d at 1563 (emphasis in original). Rather, "'the burden on the moving party may be discharged by "showing" — that is, pointing out to the [Court of Federal Claims] — that there is an absence of evidence to support the non-moving party's case.'" Id. (emphasis in original) (quoting Celotex Corp. v. Catrett, 477 U.S. at 325).

A "material fact" is one "that might affect the outcome of the suit under the governing law," and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 477 U.S. at 248.

There is no dispute over any fact that could affect the resolution of the issues addressed in this motion. Accordingly, it is appropriate to dispose of the issues addressed in this motion through summary judgment.

B. The United States Is Entitled To Partial Summary Judgment

The contract was a cost-plus-fixed-fee contract. It was clearly denominated as such in Section B. DPFUF ¶ 3; see also DPFUF ¶¶ 4, 8, 10.[3] Furthermore, it included several provisions that are mandatory for cost reimbursement contracts, and are not included in fixed price contracts. For example, the contract incorporated by reference FAR standard clauses on limitation of costs and limitation of funds. DPFUF ¶ 12; see also DPFUF ¶ 5. These clauses are mandatory for cost reimbursement contracts, 48 C.F.R. §§ 52.232-20, 52.232-22, but are not included in fixed price contracts, as they would serve no purpose in such contracts. See also DPFUF ¶¶ 6-7, 11-12. In addition, the contract does not include any clauses that are appropriate only for fixed price contracts. See Def. App. 19-20.

SSA has asserted that the contract "was not governed by a single pricing provision," SSA Claim at 6, noting that the FAR provides that contracts negotiated under FAR Part 15 "'may be of any type or combination of types that will promote the

[3] "DPFUF ¶ __" refers to defendant's proposed findings of uncontroverted fact.

Government's interest.'" SSA Claim at 7 (quoting FAR § 16.102(b)) (emphasis added by SSA). Although a contract can contain both fixed-price and cost-reimbursement aspects – for example, one contract line item number ("CLIN") priced on a fixed price basis and another CLIN priced on a cost reimbursement basis – nothing in the contract suggests that this was what the parties intended here. The cost reimbursement provisions in the contract apply to the entire contract. See DPFUF ¶¶ 3-8, 10-12.

For example, Section B.2, which is entitled "Contract Type And Contract Services," identifies the contract as "a Cost Reimbursement(CPFF) Level of Effort term contract" and references all three CLINs without drawing any distinction between them. DPFUF ¶ 3. Similarly, Section B.3, which is entitled "Estimated Cost, Fixed Fee, And Obligated Amount," lists each CLIN and states, for each, the estimated cost of performance, the fixed fee, and the estimated cost plus fixed fee. Section B.3 draws no distinction between the three CLINs. DPFUF ¶ 4.

Finally, Section F.2 of the contract, which is entitled "Level Of Effort," lists the personnel and the number of hours of effort SSA was required to provide under the contract. Section F.2 lists this information separately for each CLIN – including CLIN 003. DPFUF ¶ 10. This information is required for a cost-plus-fixed-fee level of effort contract. See 48 C.F.R. § 16.306(d)(4).

In addition, the entire contract was performed upon a cost reimbursement basis. As SSA incurred costs performing the contract, it submitted vouchers to USAID for payment which stated the costs SSA had incurred. USAID paid the allowable costs SSA had incurred, plus fixed fee. This process was used for the entire contract, including the work SSA performed under CLIN 003. DPFUF ¶¶ 16-17.

SSA may assert that CLIN 003 was some sort of "cost-plus-fixed-fee-plus-profit" contract. See SSA Claim at 7.[4] The FAR does not provide for such a contract type, however. See 48 C.F.R. § 16.102(b); 48 C.F.R. Subpart 16.3; Cibinic & Nash, Formation of Government Contracts, at 1062. Furthermore, allowing a contractor to recover a fixed fee *and* profit upon the work performed under a contract would negate the concept of a fixed fee – in that case, the total fee/profit to be received by the contractor would not be "fixed." In any event, however, the total fee and profit that SSA could receive under the contract cannot exceed the ten percent statutory limit, because the contract was a cost-plus-fixed fee contract. Accordingly, the Court should grant the Government's motion for partial summary judgment. Any additional profit to which SSA might be entitled under the contract – above and beyond the fee it has

---

[4] "SSA Claim at __" refers to the claim that SSA submitted to the contracting officer. SSA attached a copy of this claim to its complaint.

already been paid by USAID – is subject to the ten percent statutory limit.

CONCLUSION

For the reasons set forth above, the Court should grant defendant's motion for partial summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director

s/ Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

JOHN B. ALUMBAUGH
PETER E. YOUNG
U.S. Agency for International Development

October 13, 2006

NOTICE OF FILING

I hereby certify that on October 13, 2006, a copy of the foregoing "DEFENDANT’S MOTION FOR PARTIAL SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Thomas D. Dinackus