# In the United States Court of Federal Claims

No. 05-490C
(Filed: December 4, 2007)

| | |
|---|---|
| **SSA MARINE, INC.,** | |
| Plaintiff, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |

## ORDER

On July 31, 2007, the Court issued an opinion granting the Government's motion for partial summary judgment. The Court found that the contract at issue in this case is unambiguous, adopting the Government's interpretation that the contract is solely a cost-plus-fixed-fee (CPFF) contract. Op. at 14. On August 14, 2007, Plaintiff SSA Marine, Inc. filed a motion for reconsideration of the opinion, or, in the alternative, for modification of the opinion to permit interlocutory appeal.

In its motion, Plaintiff states multiple reasons for why it believes the Court erred in its holding. However, in large part, Plaintiff's motion fails to substantiate its arguments with proper citations or quotations from the briefing, the court's opinion, and case law. *See, e.g.,* Mot. for Recons. at 6, 7, 11. Rather, Plaintiff's motion frequently settles for conclusory generalizations, when a more developed discussion and/or precise citations are necessary. In addition, Plaintiff has failed to explain the relevance of at least one of its arguments. *Id.* at 20-21; Pl.'s Resp. at 29-32.

Because of these inadequacies, the Court hereby ORDERS Plaintiff to submit, on or before **December 21, 2007**, a supplemental brief on its motion for reconsideration. The supplemental brief shall be responsive to all the following instructions:

1. Provide quotations and corresponding citations from the Plaintiff's brief in opposition to the Defendant's motion for summary judgment, filed October 13, 2006, where Plaintiff states that the contract at issue is ambiguous.

2. Provide a citation to a Federal Circuit case, which is binding precedent on this court, in which the Federal Circuit holds that, in the context of a government contract dispute, where neither party has alleged that a contract is ambiguous, it is reversible error for the trial court not to engage *sua sponte* in a determination of whether the contract is ambiguous or not. In addition to the citation, provide any relevant quotations from the opinion and citations to those quotations.

3. Provide binding authority which states: (1) that when a court finds that a contract is unambiguous (i.e. has only one reasonable interpretation), the court has not also implicitly found that all other interpretations before the court are unreasonable and (2) that it is reversible error for a court not to explicitly state that all interpretations, other than the one reasonable interpretation, are unreasonable.

4. Explain how Plaintiff's interpretation of the holding in *C. Sanchez & Son, Inc. v. United States*, 6 F.3d 1539 (Fed. Cir. 1993), that "[i]n order for the Court to have made a determination that the government's reading was the only reasonable one, it would have had to determine whether SSA's reading was also reasonable," (Mot. for Recons. at 5) is not satisfied by the following excerpts from the Court's Opinion:

> The Court's adoption of the Government's reading of the contract as reasonable: "[T]he Contract is entirely a cost-plus-fixed-fee contract." Op. at 14.
>
> The Court's finding that SSA's interpretation was unreasonable: "[The Contract] cannot be a combination contract of [the] type" espoused by Plaintiff. Op. at 10.
>
> The Court's conclusion that: "The Contract language is not ambiguous." Op. at 13.

5. Provide a citation and the corresponding language in *Turner Construction v. U.S.*, 367 F.3d 1319 (C.A. Fed. 2004), that states that the court held that the contract was ambiguous.

6. Provide a citation to a Federal Circuit case, which is binding precedent on this court, that has the same holding as *Fluor v. U.S.*, 64 Fed. Cl. 461 (2005). Explain how this Federal Circuit case has the same holding as *Fluor*, with quotations and corresponding citations. The explanation shall include a showing of how the facts are the same and how the rationale for the holding is the same.

7. In *Fluor v. U.S.*, explain the meaning of this sentence: "The instant dispute stems from NOAA's inability to estimate project costs before Fluor performed under the contract," if it means other than NOAA was unable to estimate the costs of the project before Fluor performed the contract. *Id.*, at 463.

8. *If the contract at issue in this case is entirely a CPFF contract*, please explain how this language, taken from B.3 of the contract (Def.'s App. at 3), and entitled, "ESTIMATED COST, FIXED FEE, AND OBLIGATED AMOUNT," does not provide the estimated cost of performance for CLIN 003:

> (c) CLIN 003 Port Operations - The estimated cost for the performance of the work required hereunder, exclusive of fixed fee is $3,541,480. The fixed fee is $354,148. The estimated cost plus fixed fee is $3,895,628.00[.]

9. Explain how the Court can find, without considering evidence extrinsic to the contract at issue in this case, that the contract is illegal under *Fluor* because it attempts to form a CPFF agreement for a service for which it is *impossible* to come up with a cost estimate, when the contract itself expressly states a cost estimate for the service.

10. Define the meaning of the phrase "in any event" used in the third paragraph on page twelve of the Court's Opinion, and explain how this phrase does not contradict Plaintiff's argument that the Court's distinguishing of *Fluor* was based "entirely" upon evidence extrinsic to the contract itself. *See* Mot. for Recons. at 16.

11. Provide the proper grammatical classification of the word "negotiated" in the phrase "negotiated maximum profit margin or level" (Def.'s App. at 11), if it is not a past participle or past participial adjective, and provide recognized authority for an alternate classification.

12. Provide authority binding on this court that a portion of the fixed fee in a CPFF contract may not be paid out of non-appropriated funds.

13. Provide argument and authority that a court, in treating of a motion for summary judgment, should find statements from proposed findings of uncontroverted fact submitted by each party more credible than statements contained in a joint preliminary status report that are labeled as "relevant material facts that are not in dispute."

14. If the contract at issue is solely a CPFF contract, and assuming, as Plaintiff argues, that it is not subject to a statutory ten percent profit cap, explain how Plaintiff would be entitled to a *fixed fee* for CLIN 003 that is greater than the fixed fee of $354,148 to which Plaintiff agreed under the terms of the contract. *See* Mot. for Recons. at 19-20; Pl.'s Resp. at 29-32 ("even assuming *arguendo* that the government were correct that the SSA contract was solely a cost-plus-fixed-fee contract, it would not be subject to a ten percent profit cap").

(a) Chapter 5 of Public Law 108-11, entitled "Iraq Relief and Reconstruction Fund," states that "[f]or necessary expenses for humanitarian assistance in and around Iraq ... there is appropriated to the President, $2,475,000,000," which "shall be *available* notwithstanding any other provision of law." (Emphasis added). Plaintiff's brief characterizes this language as being a "waiver of all other laws (including, necessarily, the procurement laws)" which "takes the SSA contract out of the FAR and out of any statutory restrictions on contracting, including 41 U.S.C. § 254(b)." Pl.'s Resp. at 29. The definition of "available" is: "1. Present and ready for use; at hand; accessible.... 2. Capable of being gotten; obtainable.... 3. Qualified and willing to be of service or assistance....." *The American Heritage Dictionary of the English Language* (4th ed. 2000). Thus, the plain meaning of "available" in Public Law 108-11 would indicate that the appropriated funds must be "present and ready for use," "at hand," "accessible," "capable of being gotten," or "obtainable," which says nothing about negating 41 U.S.C. § 254(b). In light of this plain meaning, please explain how the language of Public Law 108-11 should be interpreted otherwise.

(b) Provide binding authority which specifically requires that the "appropriated funds" language found in the definition of the term "acquisition"in 41 U.S.C. §403(16) must be read into the definition of "procurement"adopted in 41 U.S.C. §259(c)(1) (which does not use the word "acquisition"), and then provide binding authority which specifically requires that the "appropriated funds" language thus read into the definition of "procurement" in §259(c)(1) must then be read into the ten percent limitation of 41 U.S.C. § 254(b) (which does not use the word "procurement").

15. Provide authority binding on this Court which states that it is reversible error for a Court to give any weight or consideration to the headings or labels of a contract. *See* Mot. for Recons. at 19, n.4.

In its supplemental brief, Plaintiff shall reproduce each of the Court's instructions on a separate page. Beneath each reproduced instruction, Plaintiff shall precisely follow and respond to the instruction. Plaintiff's responses to the instructions may use more than one page, provided that each instruction begins on a new page and provided that Plaintiff's supplemental brief does not exceed thirty (30) pages in total. In all other respects, Plaintiff's supplemental brief shall conform to the requirements set forth in the Rules of the United States Court of Federal Claims.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge